Turner v. Brave River Solutions        CV-02-148-JD 06/18/03

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Paul Turner

    v.                                    Civil No. 02-148-JD
                                        Opinion No. 2003 DNH 104
Brave River Solutions, Inc.


# O R D E R

Plaintiff moves to exclude the use of attorney-client privileged information which was inadvertently disclosed.

## Background

During discovery plaintiff produced 2,093 documents to the defendant. Document no. 25, Aff. McNamee, ¶ 5. In addition, he produced two other boxes of documents for review. Id. ¶ 6. The latter were reviewed by defense counsel on November 13, 2002, before the close of discovery. Id. ¶¶ 7-8. After the close of discovery plaintiff's counsel, as a courtesy, permitted a second review of the discovery material. Id. ¶ 8. At the second review Ernest Yenke, owner of defendant, was present and, while he started his review, both counsel stepped out of the room to discuss other matters. Document no. 29, Aff. Yenke, ¶ 15. Unfortunately, after the first review of the discovery materials a file clearly marked as follows was placed in the box:

"Work Product File: and

"Turner - work product w/held from opposing
counsel 11/13/02".

Despite the clear labels on the file, the owner of defendant

opened the file and read it.  Id. ¶ 16.  It was clear to Yenke

that the materials involved e-mails between plaintiff and his

client.  Id.  He copied in hand a March 28, 2002 e-mail from

Attorney McNamee to Turner.  Plaintiff's counsel, after learning

of the inadvertent disclosure, promptly addressed the inadvertent

disclosure by reasserting privilege and by providing defense

counsel with ABA Ethics material on inadvertent disclosure.

McNamee, ¶ 16.

Defense counsel has included at least part of Yenke's

handwritten copy of one of the e-mails from counsel to his client

on page 26 of the defendant's "Motion for Summary Judgment."[1]

Document no. 21, p.26.

Discussion

The parties agree that the material at issue was privileged.

They also agree that the disclosure of the material was

---

[1]I will not comment on why counsel quoted this e-mail when
it has no evidentiary value.  However, it is certainly the type
of practice that leads to an increasing lack of civility and
increased court supervision.

2

inadvertent.  The issue is whether the inadvertent disclosure in the factual setting forth above effects a waiver of the privilege.

In Amgen, Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287 (D. Mass. 2000) Chief Judge Young detailed the three different approaches taken by courts to the issue of inadvertent discovery of privileged communications.  Stated simply they are:

> a.   The "never waived" approach, which is that a disclosure that is merely negligent can never effect a waiver;
>
> b.   The "strict accountability" rule, which is that disclosure automatically effects a waiver regardless of the intent or inadvertence of the privilege holder; and
>
> c.   The "middle test" in which waiver is decided by consideration of "(1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent disclosure, and (5) the overriding interest of fairness and justice." Id. (citations omitted).

Judge Young went on to analyze first circuit law and concluded that it has not adopted the strict accountability approach.  Id. at 291.  I agree with his analysis and conclusion.  I also agree with his conclusion that the "middle test" is the preferable

3

test.  To the extent that <u>United States v. Cardiges</u>, 881 F. Supp. 717, 726 (D.N.H. 1995) applied the "strict accountability" test it is not binding and I do not adopt it.  Instead, I adopt the "middle test".

Applying the considerations suggested by the "middle test" I find that the inadvertent disclosure in this case has not effected a waiver.

1.  <u>Reasonable precautions</u>.  During the discovery period the documents at issue were removed from discovery documents and counsel reviewed and copied the latter without any physical exposure to the former.  After the discovery period closed the privileged documents were kept in a separate file clearly labeled as "Work Product File" and "Turner - work product w/held from opposing counsel 11/13/02", but the file was refiled in among the documents.  <u>After</u> the discovery deadline, at a time when neither defendant nor its attorney had any right to further examine the documents, plaintiff's counsel permitted a further review obviously as a courtesy unlikely to be repeated.  While plaintiff's counsel may be faulted for not re-reviewing the box of documents, the segregation of the privileged documents into a clearly marked privilege file is a sufficiently reasonable

precaution against inadvertent disclosure to a reasonable person of average intellect and a modicum of integrity.

2. <u>Timely Recognition</u>. The inadvertent disclosure was detected and privilege reasserted within four (4) days.

3. <u>Scope of Production</u>. The particular production was approximately 2,093 pages.

4. <u>The Extent of Inadvertent Disclosure</u> was nine pages. The production of 9 pages among 2,093 in a clearly marked file after the deadline is a deminimus oversight.

5. <u>Fairness and Justice</u>. Allowing defendant and defense counsel to have these privileged documents would be unfair and unjust.

   a. Defendant's president decided "HE personally wanted to review the documents produced in October himself." Document No. 29, p.4. As a courtesy, not as a right, he was permitted to do so.

   b. Yenke abused the courtesy by opening, reading and copying a file which any reasonable person of average intelligence and a modicum of integrity would have recognized was confidential and asked if there was an intentional waiver before reading.

   c. To pour salt in the wound defense counsel quoted one of the documents in her summary judgment motion for reasons which do not appear to have been evidentiary.

Fairness and justice and a consideration and balancing of the other factors require the following:

Plaintiff's motion is granted and (1) defendant, defense counsel and Yenke are to return every note, memorandum or document containing any part of the language in the privileged file and (2) defense counsel is to file a revised summary judgment motion deleting all of page 26 after the third line whereupon document no. 21 will be struck and the revised motion will be substituted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   June 18, 2003

cc:     James M. McNamee, Esq.
        Debra Dyleski-Najjar, Esq.